IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BASIL M. HANTASH, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:24-CV-2392-D |
| VS. § | |
| § | |
| JAMES WILLIAM BYRD, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff Basil M. Hantash ("Hantash") seeking relief against multiple defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and for common law fraud and unjust enrichment, Hantash moves for entry of default judgments against five defendants, and defendant Soteria Group, LLC ("Soteria") moves to vacate the clerk's entry of default entered against Soteria. For the reasons that follow, the court grants Soteria's motion to vacate the clerk's entry of default, and grants in part, and denies in part, Hantash's motion for entry of default judgments.

I

Hantash brings this lawsuit against several defendants, including Linda Byrd ("Byrd")[1], Joshua Matthew Wearmouth ("Wearmouth"), Waldon Fenster ("Fenster"), Deal

---

[1] Hantash originally named James William Byrd as a defendant, but on March 17, 2025 the court granted Hantash's unopposed motion to substitute Lynda Byrd, as administrator of James William Byrd's estate, in place of James William Byrd.

Exchange, LLC ("Deal Exchange") and Soteria.[2] Hantash has served Byrd, Wearmouth, Fenster, and Deal Exchange with process, and has obtained the clerk's entry of default against these four defendants.

Hantash served Soteria on November 1, 2024. When Soteria received the summons and complaint, its attorney, Seth Hicks, Esquire ("Hicks"), contacted Hantash's attorney and advised him that Amanda and William Chandler ("the Chandlers") owned Soteria, that the Chandlers had no affiliation with the other defendants in the lawsuit, and that none of the allegations in the complaint pertained to "'this' Soteria Group, LLC." P. Resp. (ECF No. 69) at 2. After gathering additional information, Hantash's counsel offered to dismiss Soteria in exchange for a tolling agreement and affidavits from the Chandlers verifying Hicks's representations.

On November 22, 2024 Hantash's counsel sent Hicks a draft tolling and standstill agreement ("Tolling Agreement") that included draft affidavits for the Chandlers as well as an affidavit for Hicks. But Hicks refused to sign the draft affidavit, contending that he did not have an ownership interest in Soteria and that the draft affidavit contained hearsay. Hantash's counsel responded with a revised affidavit and copy of a public information report identifying Hicks as an officer and/or manager of Soteria.

On March 31, 2025 the court entered an order directing Hantash to move for a default

---

[2]He also sues Daniel Fernandes Rojo Filho, Heriberto Candelario Perez Valdes, and Nordic Trust Alliance KB, LLC. In addition, he originally named Kevin Robert Gillespie as a defendant, but voluntarily dismissed him on October 18, 2024.

judgment against Wearmouth, Fenster, Deal Exchange, and Soteria. On April 10, 2025 Hantash's counsel contacted Hicks "in hopes of moving forward with the [Tolling Agreement], including affidavits from [the Chandlers] and Hicks," *Id.* at 4, but Hicks remained unwilling to sign the affidavit. As a result, Hantash's counsel concluded that negotiations with Hicks had reached an impasse and, "[l]eft with no other option," *id.* at 5, filed a request for clerk's entry of default. On April 15, 2025 the clerk entered a default against Soteria.

On April 28, 2024 Hantash filed the instant motion for default judgment against Byrd, Wearmouth, Fenster, Deal Exchange, and Soteria. Soteria opposes Hantash's motion and separately moves to vacate the entry of default. The other four defendants have not responded to Hantash's motion. Both motions are now ripe for decision, and the court is deciding them on the briefs, without oral argument.

II

The court begins with Soteria's motion to vacate entry of default.

A

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." "The language of this rule is discretionary, and 'the decision to set aside a default is committed to the sound discretion of the trial court.'" *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015) (quoting *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).

To determine whether there is good cause, the court considers "three non-exclusive

factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Lacy v. Sitel Corp.*, 227 F. 3d 290, 292 (5th Cir. 2000)). "The burden of showing good cause lies with the party challenging the default entry." *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018) (quoting *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992)) ). Even so, "[d]efaults are 'generally disfavored.'" *Koerner*, 910 F.3d at 225 (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984)). Consequently, "[u]nless it appears that no injustice results from the default, relief should be granted." *Id*. (quoting *In re OCA, Inc.*, 551 F.3d 359, 370-71 (5th Cir. 2008)).

B

The court in its discretion holds that Soteria has satisfied the factors that warrant granting relief under Rule 55(c).

First, Soteria has demonstrated that its failure to file an answer or other responsive pleading was not willful. Soteria contends that Hicks and Hantash's counsel "were in the process of determining whether Plaintiff sued the correct Sotera Group, LLC and were exchanging emails regarding the same when Plaintiff's counsel ceased communication with [Hicks]." D. Br. (ECF No. 66) at 3. And Hantash has produced copies of an email dated April 14, 2025—the day before the default was entered—in which Hicks stated, "[i]f you want my clients to execute the Affidavit that I prepared and previously sent, they are

prepared to do so although it will [depend] on their availability.  Please let me know today if that is what you would like, otherwise we will retain litigation counsel and proceed."  P. App. (ECF No. 70) at 18.  Although there were steps Soteria could have taken to timely file a responsive pleading or otherwise defend, its failure to do so was not the result of a willful decision not to defend the lawsuit; it was the result of a reasonable belief that counsel for both sides were still negotiating the terms of dismissal.

Second, setting aside the default will not prejudice Hantash.  Hantash argues in his response that Soteria's delay in answering or otherwise responding "effectively halted the litigation" and prevented the discovery period from commencing. P. Br. (ECF No. 69) at 10.  But this court has repeatedly held that "[t]he mere fact that setting aside the default will delay [plaintiff's] recovery or require that [he] litigate [his] claims is insufficient." *Hutchinson v. Com. Recovery Sys., Inc.*, 2013 WL 2367771, at *1 (N.D. Tex. May 30, 2013) (Fitzwater, C.J.) (citation omitted); *see also Hilseweck P'ship v. E. Energy Res., Inc.*, 2011 WL 3501719, at *2 (N.D. Tex. Aug. 9, 2011) (Fitzwater, C.J.) (same).  In addition, Hantash has not explained why he could not proceed with discovery against the *other* parties in this lawsuit in the absence of an answer by Soteria.  Nor does he explain why, if Soteria's failure to answer was "effectively halt[ing] the litigation," he waited over four months to move for entry of a default.  Moreover, Soteria acted expeditiously to correct the default—it filed the instant motion just 16 days after its entry.

Third, Soteria has a meritorious defense based on its assertion that it had no involvement in the subject transactions and the "'Soteria Group, LLC' described in the

Complaint is one [of] dozens of business entities (other than Soteria) operating under that name in other states or is a pure fabrication by other Defendants or unknown third parties." D. Br. (ECF No. 66) at 4.

Accordingly, the court grants Soteria's May 1, 2025 motion to vacate entry of default, and the clerk's April 15, 2025 entry of default is vacated.  Because the court is vacating the clerk's entry of default as to Soteria, it denies Hantash's motion for default judgment against Soteria.

III

The court now turns to the remainder of Hantash's motion for entry of default judgment, to which the relevant defendants—Fenster, Deal Exchange, Wearmouth, and Byrd—have not responded.

The clerk of court having entered defaults against Fenster, Deal Exchange, Wearmouth, and Byrd, the court grants Hantash's April 28, 2025 motion under Rule 55(b) for entry of default judgment against these four defendants and enters Rule 54(b) final judgments against these defendants by separate judgment filed today.

* * *

Accordingly, for the reasons explained, the court grants Soteria's motion to vacate entry of default, denies Hantash's motion for default judgment as to Soteria, and grants Hantash's motion for default judgment as to Fenster, Deal Exchange, Wearmouth, and Byrd.

**SO ORDERED**.

July 9, 2025.

                                        SIDNEY A. FITZWATER
                                        SENIOR JUDGE