IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BASIL M. HANTASH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:24-CV-2392-D |
| VS. | § | |
| | § | |
| JAMES WILLIAM BYRD, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff Basil M. Hantash ("Hantash") seeking relief against multiple defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and for common law fraud and unjust enrichment, defendant Soteria Group, LLC ("Soteria") moves for partial summary judgment. Hantash opposes the motion and moves in the alternative for a continuance under Fed. R. Civ. P. 56(d). For the reasons that follow, the court grants Hantash's alternative motion for a continuance and defers consideration of Soteria's motion for partial summary judgment.

I

Hantash is the founder and Chief Executive Officer of non-party Escape Therapeutics, Inc. ("Escape Therapeutics"), an early-stage biotechnology company. In January 2023 Hantash sought project financing of approximately $20 million to fund the commercial development of certain of Escape's new biotechnologies. According to Hantash's complaint, he was introduced through mutual connections to defendant Waldon Fenster ("Fenster"), who

was a member of defendant Deal Exchange, LLC ("Deal Exchange").  Fenster assisted

Hantash in completing a debt intake application on Deal Exchange's website and provided

Hantash with a "Term Sheet" that stated that Escape Therapeutics was pre-approved for

funding with "Soteria Group, LLC."  D. App. (ECF No. 94) at 4.  Defendant James William

Byrd ("Byrd") signed the Term Sheet on behalf of "Soteria Group, LLC."  *Id.* at 5.  Fenster

then introduced Hantash to Byrd, the purported owner of Soteria Group, LLC, and to Kevin

Robert Gillespie ("Gillespie"), who represented that he was a broker for the company.

Over the next several weeks, Byrd, Gillespie, and others persuaded Hantash to enter

into a Joint Venture Agreement ("JV Agreement") with their investment entity, Velanos

Principal Capital Inc. ("Velanos").  Under the JV Agreement, Hantash was to contribute $4

million, which Velanos would then use to raise additional capital through financial

instruments known as standby letters of credit.  Although Hantash contributed the required

$4 million, he has not received any of the distributions he was allegedly owed under the JV

Agreement.

On September 20, 2024 Hantash sued several defendants, including Byrd, Gillespie,

Fenster, Deal Exchange, and Soteria, alleging claims under civil RICO and for common law

fraud and unjust enrichment.  Soteria now moves for partial summary judgment,[1] contending

that the "Soteria Group, LLC" involved in the alleged RICO conspiracy "is not, and cannot

---

[1]On April 15, 2025 a default was entered against Soteria.  Hantash moved for a default judgment on April 28, 2025, and Soteria moved on May 1, 2025 to vacate the entry of default.  On July 9, 2025 the court granted Soteria's motion to vacate the entry of default and denied Hantash's motion for entry of default judgment as to Soteria.

be, the same entity as Soteria" because "Soteria had no connection whatsoever with Plaintiff, the other Defendants, or the acts and omissions alleged in the Complaint." D. Br. (ECF No. 93) at 1. Hantash opposes the motion and moves in the alternative for a continuance under Rule 56(d). Soteria has not responded to Hantash's alternative motion for a continuance, which the court is deciding on the briefs, without oral argument.

## II

The court grants Hantash's Rule 56(d) motion to defer consideration of Soteria's motion for partial summary judgment.

## A

"[Rule 56(d)] is an essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions." *Parakkavetty v. Indus Int'l, Inc.*, 2004 WL 354317, at *1 (N.D. Tex. Feb. 12, 2004) (Fitzwater, J.) (citing *Owens v. Estate of Erwin*, 968 F. Supp. 320, 322 (N.D. Tex. 1997) (Fitzwater, J.)) (referring to former Rule 56(f), which was replaced by Rule 56(d)). Under Rule 56(d), the court can "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order," provided that the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Rule 56(d). Rule 56(d) is "usually invoked when a party claims that it has had insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party." *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987)

(referring to Rule 56(f)).  Rule 56(d) offers relief where the nonmovant has not had a full opportunity to conduct—not to complete—discovery.  The two concepts are distinct.  *See McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (per curiam) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)) (rejecting nonmovant's contention that district court abused its discretion by failing to permit him to complete discovery before granting summary judgment, and holding that "Rule 56 does not require that discovery take place before granting summary judgment").

"[Rule 56(d)] motions are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).  Nevertheless, to warrant a continuance for purposes of obtaining discovery, "a party must indicate to the court by some statement . . . why he needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996) (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)).  It is not sufficient for a summary judgment nonmovant to allege that discovery is incomplete or that discovery will produce needed but unspecified facts.  *See Washington*, 901 F.2d at 1285. The party must demonstrate "how the additional time will enable him to rebut the movant's allegations of no genuine issue of fact." *Id*. at 1286 (quoting *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir. 1985)).  A nonmovant is not entitled to a continuance if he "fail[s] to explain what discovery [he] did have, why it was inadequate, and what [he] expected to learn from further discovery" and gives only "vague assertions of the need for additional discovery." *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) (quoting *Reese v.*

- 4 -

*Anderson*, 926 F.2d 494, 499 n.5 (5th Cir. 1991)).

B

Hantash has established through the declaration of his attorney, Austin Champion, Esq. ("Champion"), that although he has diligently pursued discovery, he cannot yet present the evidence necessary to justify his opposition to Soteria's motion for partial summary judgment. He contends that there are still nearly four months remaining in the discovery period,[2] and that he has already served Soteria with discovery; that Soteria has not fully responded to his discovery requests; that he has not yet had the opportunity to depose Amanda Chandler ("Chandler"),[3] or Seth Hicks ("Hicks") regarding Hicks's role within the company; that he has not yet had the opportunity to conduct third-party discovery via subpoena in relation to the email address used by Byrd and Gillespie to conduct business on behalf of "Soteria Group, LLC"; and that all further information that is likely to connect Soteria with the other codefendants and show their involvement in the scheme alleged in the complaint is exclusively in Soteria's possession. Champion avers that he expects the remaining discovery to show, *inter alia*, "[a]ny connection between [Soteria] and the other codefendants, including any business or personal relationships showing [Soteria]'s involvement in the alleged scheme," "[a]ny agreements between [Soteria] and any other

---

[2]Under the court's August 21, 2025 scheduling order, the deadline to complete discovery is June 10, 2026.

[3]According to Soteria, Chandler is the trustee of Chartis Trust, which owns a 100% Class A membership interest in Soteria.

- 5 -

codefendants regarding their enterprise," and "[a]ny other documents and communications that might implicate [Soteria] as part of the enterprise alleged in [the complaint]." P. App. (ECF No. 99) at 4.

Viewing Hantash's motion favorably and with the required liberality, and considering that Soteria has failed to present any argument in opposition to Hantash's motion, the court concludes under the circumstances of this case that Hantash should not be required to respond to Soteria's motion for partial summary judgment until he has had sufficient time to conduct discovery. Accordingly, the court orders Hantash to complete any necessary discovery on the question whether Soteria is the "Soteria Group, LLC" referred to in the complaint within 60 days of the date this memorandum opinion and order is filed. No later than 14 days after this 60-day deadline expires, Hantash must supplement his response to Soteria's motion for partial summary judgment.[4] Soteria may file a reply brief to Hantash's supplemental response within 14 days after the response is filed. *See* N.D. Tex. Civ. R. 7.1(f).

\*    \*    \*

For the reasons explained, the court grants Hantash's alternative motion under Rule 56(d) to defer consideration of Soteria's motion for partial summary judgment for 60 days,

---

[4]If Hantash determines through additional discovery that Soteria is *not* the same entity as the "Soteria Group, LLC" referred to in the complaint and lacks any other basis to prosecute this lawsuit against Soteria, he must dismiss this action against Soteria. Failure to do so could result in sanctions under Rule 11(c).

until Hantash has had sufficient time to conduct the discovery at issue. Hantash must complete discovery on the question whether Soteria is the "Soteria Group, LLC" referred to in the complaint and supplement his summary judgment response no later than 14 days after this 60-day discovery period is completed.

    **SO ORDERED**.

    April 3, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE