IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BASIL M. HANTASH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:24-CV-2392-D |
| VS. | § | |
| | § | |
| JAMES WILLIAM BYRD, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff Basil M. Hantash ("Hantash") seeking relief against multiple

defendants under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962,

and for common law fraud and unjust enrichment, Hantash moves to compel discovery, to

strike objections and admissions, and for a continuance. For the reasons that follow, the

court grants in part and denies without prejudice in part the motion to compel; grants in part

and defers in part a ruling on the motion to strike objections and admissions; grants the

motion for a continuance; and awards Hantash reasonable attorney's fees and costs. The

court modifies certain pretrial deadlines and continues the trial to the two-week docket of

March 22, 2027.

I

Hantash filed the instant lawsuit on September 20, 2024, alleging, *inter alia*, that

defendants[1] Daniel Fernandes Rojo Filho ("Filho"), Heriberto Candelario Perez Valdes

("Valdes"), and Nordic Trust Alliance KB, LLC ("NTA") (collectively, "defendants," unless

otherwise indicated) engaged in a criminal enterprise and conspiracy to defraud him of

approximately $4 million.  On January 23, 2026 Hantash served discovery requests on NTA,

Filho, and Valdes.  Defendants served their responses two to three weeks late and without

requesting an extension of time.  On May 13, 2026 Hantash served a 31-page deficiency

letter on defendants' counsel that requested that defendants cure their discovery deficiencies

by May 20, 2026.  Despite defendants' counsel's representation during a phone conference

that defendants would amend and supplement their discovery by May 29, 2026, they have

not done so.

On June 10, 2026 Hantash filed the instant motion to compel discovery, strike

objections and admissions, and for a continuance.  Defendants oppose the motion, which the

court is deciding on the briefs, without oral argument.

II

Under Fed. R. Civ. P. 26(b)(1), "[u]nless otherwise limited by court order . . . [p]arties

may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim

or defense and proportional to the needs of the case."  And, under Rule 37(a)(3)(B), "[a]

---

[1]Hantash also sued James William Byrd (who is now deceased), Joshua Matthew Wearmouth ("Wearmouth"), Kevin Robert Gillespie ("Gillespie"), Waldon Fenster ("Fenster"), Soteria Group, LLC ("Soteria"), Deal Exchange, LLC ("Deal Exchange"), and Linda Byrd ("Byrd"), the administrator of William Byrd's estate.  Hantash has voluntarily dismissed his claims against Gillespie and Soteria, and on July 9, 2025 the court entered a default judgment against Fenster, Deal Exchange, Wearmouth, and Byrd.

party seeking discovery may move for an order compelling an answer, designation, production, or inspection" when the party from whom discovery is sought fails to produce requested documents or respond to an interrogatory or request for admission.  The burden is on the parties resisting discovery—here, defendants—to establish why the motion to compel should not be granted.  *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, J.); *see also Lozano v. Dorel Juv. Grp.*, 2010 WL 11619687, at *1 (N.D. Tex. May 26, 2010) (Means, J.) ("Generally, the burden is on the party seeking to avoid compliance with a discovery request to show that the request is improper[,]" such that "in the context of a motion to compel, the party who opposes discovery must 'show specifically how [the request] is not relevant or how [the request] is overly broad, burdensome, or oppressive.'" (second and third alterations in original) (quoting *McLeod, Alexander, Powell and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990))).

## III

Hantash first contends that, because defendants' discovery responses were not timely filed,[2] they waived all of their objections.

---

[2]Defendants' responses to Hantash's interrogatories and requests for production ("RFP") were due on February 23, 2026, i.e., 30 days after they were served.  *See* Rule 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."); Rule 34(b)(2)(A) ("The party to whom the request [for production] is directed must respond in writing within 30 days after being served.").  NTA served its RFP responses on March 9, 2026 (14 days late) and its interrogatory responses on March 18, 2026 (23 days late); Filho served his interrogatory and RFP responses on March 9, 2026 (14 days late); and Valdes served his interrogatory and RFP responses on March 18, 2026 (23 days late).

A

"[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).  And "[i]f a party fails to timely respond in writing after being served with a request for production of documents, it is appropriate for the Court to find that the party's objections are waived, unless the court finds good cause and excuses that failure." *Richmond v. SW Closeouts, Inc.*, 2016 WL 3090672, at *5 (N.D. Tex. June 2, 2016) (Horan, J.).

> In deciding whether good cause exists, courts consider (1) the length of the delay in failing to object; (2) the reason for the delay; (3) whether there was any bad faith or dilatory action of the party that failed to object; (4) whether the party seeking discovery was prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party.

*Evanston Ins. Co. v. McDonnell Coates LLP*, 2021 WL 2400992, at *3 (N.D. Tex. June 11, 2021) (Fitzwater, J.) (citing *Clewis v. Medco Health Sols., Inc.*, 2013 WL 5354574, at *3 (N.D. Tex. Sept. 25, 2013) (Horan, J.)).

B

Without suggesting that defendants have *not* waived their discovery objections, the court concludes, as it did in *Evanston Insurance Co.*, that the present briefing is inadequate for the court to consider and apply the good-cause factors. *Evanston Ins. Co.*, 2021 WL 2400992, at *3.

- 4 -

> Additionally, considering objections (if any) actually made may enable the court to evaluate the waiver factors with greater precision. For example, the factor that considers whether waiver would impose an excessively harsh result on the defaulting party may be more precisely assessed in the context of an objection actually made.

*Id.* Moreover, as explained below, the court today is overruling the majority of defendants' objections based on defendants' failure to address them in response to Hantash's motion to compel; it is not denying the motion to compel based on any objection that defendants have asserted.

Accordingly, the court will defer consideration of whether defendants have waived any available objections to plaintiffs' discovery requests by failing to comply with the 30-day deadlines set out in Rules 33 and 34. If defendants assert any additional objections in supplementing their discovery responses, Hantash may specify in an appropriate pleading grounds for contending that the objections have been waived.

IV

Hantash next contends that the court should overrule defendants' boilerplate objections, privilege objections, and objections to relevance and proportionality.

A

In the motion to compel, Hantash contends that, except for NTA's interrogatory objections relating to a false factual premise, defendants' asserted objections contain no support or specificity and are wholly unsubstantiated; that defendants' single-word objections that provide no further explanation for the basis or an actual response to the request must be

stricken; that NTA's claim of privilege identifies no basis for the privilege, no description of the documents being withheld, and no privilege log, as required; and that defendants' vague and conclusory relevance and proportionality objections, which fail to provide any specific information to support them, should be stricken as failing to specifically show the request's non-proportionality.

Defendants have not responded to Hantash's arguments concerning any of these objections.

B

"A party who opposes a discovery request must, in response to a Rule 37(a) motion to compel, urge its supported objection to the request, and, if it does not, it waives the objection." *Branch Banking & Tr. Co. v. Harcharan Singh Narang, M.D., P.A.*, 2018 WL 10398477, at *2 (N.D. Tex. Aug. 20, 2018) (Rutherford, J.) (citing *Orchestrate HR, Inc. v. Trombetta*, 178 F.Supp.3d 476, 507 (N.D. Tex. 2016) (Horan, J.)). "A party resisting discovery must specifically show how each discovery request is not relevant or objectionable." *Id*. (citing *McLeod, Alexander, Powel, & Apffel, P.C.*, 894 F.2d at 1485). "A party resisting discovery must also show how the requested discovery is overly broad, burdensome, or oppressive by submitting affidavits or offering other evidence showing the nature of the burden alleged." *Id*. (citing *Merrill v. Waffle House, Inc*., 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.)). And Under Rule 26(b)(5), "a party asserting a claim of privilege as to otherwise discoverable information must 'expressly make the claim' and 'describe the nature of the documents, communications, or tangible things not produced or

disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.' Blanket assertions of privilege are unacceptable." *Mr. Cooper Grp., Inc. v. Nat'l Union Fire Ins Co. of Pittsburgh, PA*, 2026 WL 1834312, at *2 (N.D. Tex. June 25, 2026) (Fitzwater, J.). In view of the relevant standards and defendants' failure to respond to these grounds of Hantash's motion, the court holds that the motion should be granted with respect to defendants' boilerplate objections, privilege objections, and objections to relevance and proportionality.

V

The court now turns to the portion of Hantash's motion to compel that is directed at NTA's responses to its requests for admission ("RFAs").

Hantash served NTA with its RFAs on January 23, 2026. NTA responded 45 days later, on March 9, 2026. Under Rule 36(a), "matters included in requests for admissions are deemed admitted if no written answer or objection is timely served on the requesting party." *Curtis v. State Farm Lloyds*, 2004 WL 1621700, at *4 (S.D. Tex. Apr. 29, 2004); *see also* Rule 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

> Rule 36 is self-executing, and, in the absence of a timely-served written and signed answer or objection addressed to each matter, all Rule 36 requests for admission served on a party are deemed admitted by default, so, [o]nce the 30-day period for serving written answers or objections has passed, the defaulting party's sole recourse is to move to withdraw or amend the deemed admissions under Rule 36(b).

*Deutsche Bank Nat'l Tr. Co. v. Crear*, 2026 WL 404050, at \*10 (N.D. Tex. Jan. 14, 2026) (Horan, J.) (internal quotation marks and citations omitted), *rec. adopted*, 2026 WL 402637 (N.D. Tex. Feb. 12, 2026) (Lindsay, J.).

Because NTA did not timely respond to Hantash's RFAs (and has not moved to withdraw or amend the deemed admissions under Rule 36(b)), they are deemed admitted under Rule 36(a)(3).

VI

Hantash moves to compel NTA to respond to Interrogatories Nos. 1-10, to compel Filho to respond to Interrogatories Nos. 1-9, and to compel Valdes to respond to Interrogatories Nos. 1-10. Hantash contends that some of NTA's responses appear to address the incorrect interrogatory set entirely and that some are nonresponsive to the request posted; that Filho's responses are evasive or nonresponsive; and that Valdes' responses are also evasive or nonresponsive, with some not being answered at all. Defendants respond that they "are serving supplemental interrogatory answers . . . that substantially expand upon the factual information previously provided." Ds. Br. (ECF No. 119) at 2.

Hantash attaches to his reply brief[3] defendants' supplemental responses to his interrogatories and contends, generally, that defendants' supplemental discovery "remains

---

[3]The court on July 21, 2026 granted Hantash's motion for leave to supplement his appendix to his motion to compel in order to include defendants' supplemental discovery responses.

defective." P. Reply (ECF No. 120) at 9.[4] But he does not explain which of defendants' interrogatory responses are still defective. Because it is not clear as to which interrogatories Hantash still seeks to compel a response, the court denies this portion of Hantash's motion without prejudice. If there are specific supplemental responses that Hantash concludes are still insufficient, he may move to compel with respect to those supplemental responses.

## VII

Hantash moves to compel NTA to produce responsive documents. He contends that NTA's responses to requests for production ("RFPs") Nos. 1, 2, 5-7, 11, 12, and 22 reference "Composite Exhibit 1," but that this document was never produced; that NTA's responses to RFPs Nos. 25, 26, 27, and 30 assert boilerplate objections but fail to identify what is being withheld; and that Filho and Valdes have failed to produce any documents or state whether they are withholding documents on the basis of any objection.

Defendants respond that they "are serving . . . supplemental responses to [RFPs] that substantially expand upon the factual information previously provided and describe the additional searches undertaken for responsive electronically stored information and documents." D. Br. (ECF No. 119) at 2.

Hantash replies, *inter alia*, that defendants' supplemental responses affirmatively advance new falsehoods and "deliberately omit swaths of responsive information that Plaintiff's Motion, and Defendants' supplemental responses themselves, prove are in

---

[4]He also contends that the supplemental responses are false, which the court addresses in § VI.

Defendants' possession," and that Defendants' entire supplemental production consists of four pages of .jpg files, "[y]et, Defendants *still* manage[] to omit additional portal messages that Plaintiff has already produced and were submitted with his original Appendix, without explanation as to why." P. Reply (ECF No. 120) at 4.

Although Hantash has not specified in his reply the RFPs to which he believes defendants have still not fully responded, it appears that defendants' document production to date has been incomplete. Accordingly, the court orders defendants, within 28 days of the date this memorandum opinion and order is filed, to produce all documents responsive to Hantash's RFPs.

VIII

Hantash contends that defendants have failed to truthfully respond to his discovery requests; that third-party discovery has revealed that, while actively involved in this litigation, defendants intentionally deleted the NTA website and all NTA email accounts and lied under oath about having done so; and that "[s]evere sanctions are warranted," *id.* at 11. Without foreclosing the possibility of issuing spoliation instructions at trial or awarding sanctions after trial, the court defers a broader ruling and denies without prejudice a sanctions award. *See, e.g.*, *Orthoflex, Inc. v. ThermoTek, Inc.*, 2015 WL 4486756, at *4 (N.D. Tex. July 23, 2015) (Fitzwater, J.) (noting that magistrate judge had deferred consideration of renewed request for spoliation instruction until trial, and had denied the request without prejudice, where question of intent ultimately turned on factual matters best decided in the context of trial).

- 10 -

IX

Hantash moves for an award of attorney's fees and costs incurred in connection with his motion to compel, including the costs he was forced to incur seeking third-party discovery through the use of Rule 45 subpoenas. Under Rule 37(a)(5)(A), if a motion to compel is granted, or if the disclosure or requested discovery is provided after the motion was filed,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> > (iii) other circumstances make an award of expenses unjust.

Because the court is granting Hantash's motion to compel discovery (and defendants did not supplement their discovery responses until after the motion was filed), and has determined that none of the exceptions listed in Rule 37(a)(5)(A) applies in this case, the court awards Hantash his reasonable expenses, including attorney's fees, associated with this motion to compel discovery.

Within 28 days of the date this memorandum opinion and order is filed, the parties must meet and confer in an attempt to agree on the amount of reasonable attorney's fees and costs to be awarded to Hantash. If the parties cannot reach agreement, Hantash may file a

motion for such reasonable attorney's fees and costs. And if the court grants Hantash relief that is greater than what he seeks in the meet and confer process, the court may award Hantash additional reasonable attorney's fees and costs incurred in filing its motion for attorney's fees and costs.

X

Hantash moves for a continuance of the trial date in this case and a three-and-a-half month extension of the discovery and other still-pending pretrial deadlines set out in the court's August 21, 2025 scheduling order ("Scheduling Order"). Defendants do not oppose Hantash's request. *See* P. Br. (ECF No. 110) at 27 (certificate of conference stating that defendants "do not oppose a reasonable continuance of discovery deadlines if deemed necessary by the Court.").

Accordingly, the court amends the Scheduling Order as follows: the parties must complete discovery and file a joint estimate of trial length and joint status report concerning the progress of settlement negotiations no later than October 1, 2026; a party must file a motion for summary judgment no later than November 2, 2026; and a party must file a motion not otherwise covered by any other scheduling order no later than November 2, 2026. The court continues the trial to the two-week docket of March 22, 2027.

\* \* \*

For the foregoing reasons, the court grants in part and denies without prejudice in part the motion to compel, grants in part and in part defers a ruling on the motion to strike objections and admissions, awards attorney's fees and costs to Hantash under Rule

- 12 -

37(a)(5)(A), modifies the Scheduling Order, and resets the trial.

**SO ORDERED**.

July 30, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE